UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MATT BAY,
 Plaintiff,

vs.    06-1247

DR. MAHONEY,
 Defendant.

ORDER

 This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

 The plaintiff, Matt Bay, has submitted a complaint pursuant to 42 U.S.C. §1983 against one defendant: Dr. Mahoney. The plaintiff alleges that Dr. Mahoney violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition. Specifically, the plaintiff states that he has a hernia and is in pain, but has not been approved for surgery. Unfortunately, the plaintiff does not clearly state what the defendant's role is in his allegation. The plaintiff identifies Dr. Mahoney as the Medical Director at Pontiac Correctional Center. Since the plaintiff is proceeding pro se, the court will assume the plaintiff has requested surgery and the defendant has refused.

 The plaintiff is advised that a defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

 The court also notes that the plaintiff has stated a claim against Dr. Mahoney in his individual capacity only. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

 **IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim against the defendant in his**

1

individual capacity only: Dr. Mahoney violated the plaintiff's Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition.

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this   20th   Day of June, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE